## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROBERTA BURKE, on Behalf of
Herself and all others similarly situated,

     Plaintiffs,                          CASE NO.:

v.                                    **CLASS ACTION**

CREDIT ONE BANK, NA, and
FIRST CONTACT, LLC

     Defendant.

_____/

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1.    Plaintiff, Roberta Burke, individually and on behalf of all others similarly situated, alleges Credit One Bank, NA ("Credit One") and First Contact, LLC ("First Contact") "robo-called" her numerous times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

### INTRODUCTION

2.    "If robocalls were a disease, they would be an epidemic." *Rage Against Robocalls*, Consumer Reports (July 28, 2015). "Robocalls" are the #1 consumer complaint in America today and the defendant's conduct in this case is a good reason why.

3.    The TCPA was enacted to prevent companies like Credit One and First Contact from invading American citizens' privacy and prevent illegal robocalls.

4.    Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243,

§§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

5.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).  As will be illustrated in this case, despite being told to stop calling, these defendants refused to do so.

6.      According to findings by the Federal Communication Commission ("FCC")—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.   This type of damages are the same shared by the Plaintiff and the class members.

## JURISDICTION AND VENUE

7.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

8.      The alleged violations described in the Complaint were took place in Winter Haven, Florida, within the Middle District of Florida.

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Winter Haven, Florida.

10.    Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

11.    Defendant Credit One Bank is a corporation which was formed in Nevada with its principal place of business in Las Vegas, Nevada, and conducts business in the State of Florida and across the United States.

12.    Defendant First Contact is a Minnesota limited liability company with its registered office address in St. Paul, Minnesota, and its principal executive office in St. Petersburg, Florida. First Contact regularly and systematically conducts business in Florida and across the United States.

13.     First Contact touts the use of skip tracing services to "find" contact information for delinquent debtors.  https://www.firstcollect.net/services.html (last visited March 14, 2018).

14.    Skip tracing debtor phone numbers will return telephone numbers of not just the debtor but the debtor's relatives and even neighbors.

15.    When First Contact makes debt collection calls for Credit One, First Contact identifies themselves as Credit One on the telephone to the called party.

16.    Credit One authorized First Contact to hold itself out as Credit One and to state to the called party that it was Credit One calling.

17.    On information and belief, First Contact as the first party debt collector, had real time access to Credit One's account records.

18.     On or about March 14, 2015, Plaintiff received a telephone call to her aforementioned cellular telephone number from Defendant First Contact who identified itself as Credit One seeking to recover a debt on behalf of Credit One Bank from someone other than the Plaintiff.

19.     The Defendants never had express consent to place any calls to Plaintiff's cellular telephone number.

20.     During the March 14, 2015 telephone call, Plaintiff advised First Contact who she believed was Credit One that it had the wrong number and to stop calling her.

21.     Thereafter, Defendant Credit One Bank itself placed several calls to Plaintiff's cellular telephone using an ATDS without the express prior consent to do so, and with the knowledge that they were calling the wrong number.

22.     First Contact acting as Credit One placed additional calls to Plaintiff's cellular telephone using an ATDS without the express prior consent to do so, and with the knowledge that they were calling the wrong number.

23.     Each call Defendants made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

24.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (863)-595-7827.

25.     Plaintiff was the "called party" during each phone call subject to this lawsuit.

26.     Defendants made at least one call to (863)-595-7827 using an "automatic telephone dialing system" (ATDS).

27.     Defendants made numerous calls to (863)-595-7827 using an ATDS.

28.     Each call the Defendants made to (863)-595-7827 in the last four years was made using an ATDS.

29.     Each call the Defendants made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

30.     Each call the Defendants made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

31.     By effectuating these unlawful phone calls, Defendants have caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

32.     Defendants' aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

33.     Defendants' phone calls harmed Plaintiff by wasting her time, trespassed on her phone, invaded her privacy as well as caused aggravation and inconvenience.

34.     Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendants' phone calls harmed Plaintiff by depleting the battery life on his cellular telephone, and by using minutes allocated to Plaintiff by his cellular telephone service provider.

35.     Defendants made at least seven calls to Plaintiff's aforementioned cellular telephone number with most of them occurring after Plaintiff advised Defendants they had the wrong number and to stop calling.

5

36.     Despite actual knowledge of their wrongdoing, the Defendants continued the campaign of abusive robocalls.

37.     Defendant Credit One has been sued numerous times in federal court for violations of the TCPA including calling an individual using an ATDS after the individual asked for the calls to stop.

38.     Defendants have a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

39.     Defendants willfully or knowingly violated the TCPA with respect to the Plaintiff and the members of the class.

## COUNT I
### (Violation of the TCPA)

40.     Plaintiff incorporates Paragraphs one (1) through thirty-nine (39).

41.     Defendants violated the TCPA with respect to the Plaintiff and members of the class.  Defendants willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff without having express consent to place such calls using an ATDS.

42.     Defendants knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff revoked any consent the Defendants mistakenly believed it had to being called by them using an ATDS or pre-recorded voice.

43.     Defendants repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

44.     As a result of Defendants' illegal conduct, Plaintiff and the members of the class suffered actual damages and, under § 227(b)(3)(B), is entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

45.     Plaintiff and class members are also entitled to, and does, seek injunctive relief prohibiting Defendants from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendants for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## CLASS ACTION ALLEGATIONS

46.     Plaintiff restates each of the allegations in all other paragraphs as if fully stated herein.  Plaintiff, individually and on behalf of all others similarly situated, brings the above claims on behalf of a Class.

47.     In this case, Plaintiff seeks to certify the class, subject to amendment, as follows:

48.     The First Contact TCPA Class consists of:

(1) All persons in the United States (2) to whose cellular telephone number (3) First Contact placed a non-emergency telephone call relating to a Credit One debt (4) using substantially the same system(s) that were used to telephone Plaintiff (5) within 4 years of the complaint and (6) where Defendant did not have express consent to call said cellular telephone number.

And the following Wrong Number sub-class:

(1) All persons in the United States (2) to whose cellular telephone number (3) First Contact placed a non-emergency telephone call relating to a Credit One debt (4) using substantially the same system(s) that were used to telephone Plaintiff (5) within 4 years of the complaint and (6) where First Contact called said cellular telephone number after Defendants' records note said number was a wrong number or not to call.

7

The Credit One TCPA Class

(1) All persons in the United States (2) to whose cellular telephone number (3) Credit One placed a non-emergency telephone call relating to a Credit One debt (4) using substantially the same system(s) that were used to telephone Plaintiff (5) within 4 years of the complaint and (6) where Credit One's records note said number was a wrong number or not to call.

The Skip Trace Class Consists of:

(1) All persons in the United States (2) to whose cellular telephone number (3) Defendants placed a non-emergency telephone call relating to a Credit One debt (4) using substantially the same system(s) that were used to telephone Plaintiff (5) within 4 years of the complaint and (6) where Defendant obtained the cellular telephone number via a skip trace and for which number was not previously provided by the purported debtor.

And the following Skip Trace & Wrong Number sub-class:

(1) All persons in the United States (2) to whose cellular telephone number (3) Defendants placed a non-emergency telephone call relating to a Credit One debt (4) using substantially the same system(s) that were used to telephone Plaintiff (5) within 4 years of the complaint and (6) where Defendant obtained the cellular telephone number via a skip trace and for which number was not previously provided by the purported debtor and (6) where Defendants called said cellular telephone number after Credit One's records state said number was a wrong number or not to call.

49.     Plaintiff represents and is a member of the Class. Excluded from the Class are Defendants and any entities in which Defendant has a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

50.     Plaintiff is presently unaware of the exact number of members in the Class, but based upon the size and scope of Defendants' business, including the fact that Credit One has been

sued dozens of times for violating the TCPA, Plaintiff reasonably believes that the class members' number at a minimum in the thousands.

51.     Plaintiff and all members of the Class have been harmed by Defendants' actions.

52.     This Class Action Complaint seeks money damages and injunctive relief.

53.     The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

54.     The disposition of the claims in a class action will provide substantial benefit to both the parties and the Court in avoiding multiplicity of identical suits. The class can be easily identified through records maintained by Defendants.

55.     There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to:

(1) Whether Defendants engaged in a pattern of using an ATDS to place calls to cellular telephones without the prior express consent of the called party;

(2) Whether Defendants' conduct was knowing or willful; and

(3) Whether Defendants' actions violated the TCPA.

56.     As a person who received the telephone calls using an ATDS or an artificial or prerecorded voice, without their prior express consent, all within the meaning of the TCPA, Plaintiff asserts claims that are typical of the members of the Class.

57.     Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff does not have an interest that is antagonistic to any member of the Class.

58.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

59.     A class action is the superior method for the fair and efficient adjudication of this controversy.

60.     Class-wide relief is essential to compel Defendants to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA is small.

61.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

62.     Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate.

63.     Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and favor of the Class, and against Defendants for:

a.     A declaration that Defendants' practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.     An injunction requiring Defendants not to call any third parties or numbers that were skip traced, or obtained through other means than by obtaining the called party's prior express consent to ensure that Plaintiff is not called now or when Plaintiff obtains additional telephone numbers in the future;

      c.      An injunction requiring Defendants to file quarterly reports of third party audits with the Court on its system and procedures not to call any third parties or numbers that were skip traced to ensure that Plaintiff is not called in the future;

      d.      An award of actual damages in an amount to be proven at trial;

      e.      An award of statutory damages for Plaintiff and each Class member in the amount of $500.00 for each and every call that violated the TCPA;

      f.      An award of treble damages, as provided by statute, of up to $1,500.00 for Plaintiff and each Class member for each and every call that violated the TCPA;

      g.      An order certifying this action to be a proper class action pursuant to the Federal Rules of Civil Procedure 23, establishing the appropriate Classes and any Sub-classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

      h.      An award of Plaintiff's attorneys' fees, litigation expenses and costs of suit; and

      i.      Such further and other relief the Court deems reasonable and just.

Plaintiff, individually and on behalf of all others similarly situated, demands trial by jury.


                              Respectfully Submitted,


                              */s/ Geoffrey Parmer*
                              Geoffrey E. Parmer, Esq.
                              Florida Bar No. 989258
                              William "Billy" Peerce Howard, Esq.
                              Florida Bar No. 0103330
                              THE CONSUMER PROTECTION FIRM, PLLC
                              4030 Henderson Blvd.
                              Tampa, FL 33629
                              Telephone: (813) 500-1500, ext. 205
                              Facsimile: (813) 435-2369
                              Geoff@TheConsumerProtectionFirm.com
                              Billy@TheConsumerProtectionFirm.com
                              *Attorney for Plaintiff*